Mei Tsang, Esq. (SBN 237959)
mtsang@fishiplaw.com
Ryan Dean, Esq. (SBN 259320)
rdean@fishiplaw.com
Fish & Tsang, LLP
2603 Main Street, Suite 1000
Irvine, California 92614-4271
Telephone: 949-943-8300
Facsimile: 949-943-8358

Attorneys for Plaintiff, Bird-B-Gone, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BIRD-B-GONE, INC., a California corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>PIGEON PATROL, LTD, a Canadian company; and DOES 1 through 10<br><br>    Defendants. | **CASE NO.** 8:16-cv-00695<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, by and through its attorneys of record, alleges as follows:

## PARTIES

2. Plaintiff Bird-B-Gone, Inc., is a corporation organized and existing under the laws of the State of California, with a place of business at 15375 Barranca Pkwy, Ste. D, Irvine, CA 92618.

3. Upon information and belief, Defendant Pigeon Patrol, Ltd. ("Pigeon Patrol") is a Canadian company, with its principal place of business at 16238–93A Avenue, Surrey, British Columbia V4N 4Z9, Canada.

4. The true names and capacities of Does 1 through 10—whether individual, corporate, associate, representative or otherwise—are unknown to Plaintiff, who therefore sues them as Doe defendants. Plaintiff will seek leave to amend this complaint to show the true names and capacities of the Defendants when they are ascertained. Plaintiff is informed, believes, and alleges that each of the Defendants named as a Doe, along with the named Defendant, is responsible in some manner for the occurrences alleged in this complaint, and Plaintiff's damages alleged in this complaint were legally or proximately caused by the Defendants. Wherever it is alleged that any act or omission was also done or committed by any specifically named Defendant or by Defendants generally, Plaintiff also alleges that the same act or omission was also committed by each and every Defendant named as a Doe, and each named Defendant, both separately and in concert or conspiracy with the named Defendants.

5. On information and belief, Does 1 through 10 each performed, participated in, or abetted in some manner the acts alleged, proximately caused the damages alleged, and are liable to Plaintiff for the damages and relief sought.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

COMPLAINT FOR PATENT INFRINGEMENT

7. Pigeon Patrol is subject to personal jurisdiction in this Court because it: conducts business in this judicial district and in the State of California; has committed and continues to commit acts of patent infringement; and has contributed to or induced acts of patent infringement by others in this judicial district (and elsewhere in California and in the United States).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because: Bird-B-Gone is subject to personal jurisdiction in this judicial district; has regularly conducted business in this judicial district; and certain of the acts addressed in this complaint occurred in this judicial district.

## THE '950 PATENT

9. Bird-B-Gone is the owner of all right, title, and interest in and to United States Patent No. 6,775,950 (the "'950 Patent"), entitled "Double Bend and Crush Bird Deterrent Device," which issued on August 17, 2004. A true and correct copy of the '950 Patent is attached to this complaint as **Exhibit A.**

10. The '950 Patent has numerous claims drawn to deterrent devices that include a base having a plurality of directing channels and a plurality of angled spikes connected to the base.

## COUNT ONE
## INFRINGEMENT OF THE '950 PATENT AGAINST ALL DEFENDANTS

11. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-10.

12. The '950 Patent is valid and enforceable. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendants have infringed, are currently infringing, and will continue to infringe the '950 Patent, either directly or by infringement under the doctrine of equivalents, by making, using, offering for sale, selling or importing devices into the United States. Specifically, Pigeon Patrol's five and eight inch premium spikes product incorporates and infringes the

subject matter protected by at least claims 1-15, of the '950 Patent. *See* **Exhibits B and C**.

13. Upon information and belief and in violation of 35 U.S.C. § 271, the Defendants also contribute to or induce infringement of one or more of the claims of the '950 Patent.

14. As a direct and proximate result of each of the Defendants' acts of infringement, Plaintiff has and will continue to suffer damages in an amount according to proof at trial. Plaintiff is entitled to recover compensatory damages totaling no less than a reasonable royalty.

15. Unless each of the Defendants is enjoined by this Court from continuing their infringement of the '950 Patent, Plaintiff will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Plaintiff is entitled to an injunction against further infringement.

16. Upon information and belief, Defendant Pigeon Patrol has had constructive notice of the '950 Patent as of the date of issuance.

17. Plaintiff does not yet have sufficient knowledge or information to determine whether infringement by the Doe Defendants is willful, but will seek leave of Court to amend this Complaint to so allege if and when it obtains such knowledge and information.

**PRAYER FOR RELIEF**

Plaintiff Bird-B-Gone prays for judgment and relief as follows:

A) Judgment that the '950 Patent is valid and enforceable;

B) Judgment that each of the Defendants, their directors, officers, employees, attorneys, and agents, and all those persons acting in active concert or in participation with them, and their successors and assigns, be enjoined from further acts that infringe, contributorily infringe or induce infringement of the '950 Patent pursuant to 35 U.S.C. § 283;

C) Judgment that each of the Defendants individually and collectively be ordered to pay damages adequate to compensate Bird-B-Gone for infringement of the '950 Patent pursuant to 35 U.S.C. § 284, together with interest, including pre-judgment interest from the date infringement of the '950 Patent began;

D) Judgment that the Defendants individually and collectively be ordered to pay all costs and expenses incurred by Bird-B-Gone associated with this action pursuant to 35 U.S.C. § 284;

E) Judgment that this case is exceptional, and that the Defendants individually and collectively be ordered to pay all of Bird-B-Gone's attorney fees associated with this action pursuant to 35 U.S.C. § 285; and

///
///
///
///
///
///

F) Judgment that Bird-B-Gone be granted any other relief as this Court may deem just and proper.

Respectfully submitted,

FISH & TSANG, LLP

Dated: April 13, 2016

By: /s/Ryan S. Dean
Ryan S. Dean, Esq.
Attorneys for Plaintiff
Bird-B-Gone, Inc.